IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

GERALD ANTHONY THOMAS, JR.,            *

    Petitioner                                             *

    v.                                                     *    Civil No. DKC-10-2538
                                                                Criminal No. DKC-07-325
UNITED STATES OF AMERICA               *

    Respondent                                             *
                                               *******

## **MEMORANDUM OPINION**

Before the court is a 28 U.S.C. §2241 Petition for Writ of Habeas Corpus filed by Gerald Anthony Thomas, Jr., a federal prisoner incarcerated in Fort Dix, New Jersey. Paper No. 1, in Civil Action No. DKC-10-2538. Petitioner was sentenced on July 23, 2008, to a total of 144 months incarceration after entering a guilty plea. *See* Paper No. 72, Criminal No. DKC-07-325. Petitioner did not file a direct appeal.

Although Petitioner attempts to cast this application as being filed under 28 U.S.C. § 2241, the gravamen of his petition is that he was denied the effective assistance of counsel when he entered his plea before the court. *Id.* The threshold question presented here is whether this claim is properly raised in a § 2241 petition or is more properly construed under 28 U.S.C. §2255. A writ of habeas corpus pursuant to 28 U.S.C. § 2241 and a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 are separate and distinct mechanisms for obtaining post conviction relief. A § 2241 petition attacks the manner in which a sentence is executed. *See* 28 U.S.C. §2241(a). By contrast, a § 2255 motion challenges the validity of a conviction or sentence. *See In re Jones*, 226 F.3d 328, 332 (4th Cir. 2000); *In re Vial*, 115 F.3d 1192, 1194 n. 5 (4th Cir. 1997) (*en banc*).

1

Although a federal prisoner generally may not seek collateral relief from a conviction or sentence by way of § 2241, there is an exception under the so-called "savings clause" in § 2255.[1] It provides a prisoner relief under § 2241 if the remedy under §2255 is "inadequate or ineffective to test the validity of his detention." 28 U.S.C. §2255. In *Jones*, the United States Court of Appeals for the Fourth Circuit held that § 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law. *See Jones*, 226 F.3d at 333-34.

The instant Petition clearly challenges the validity of the conviction and is properly construed pursuant to 28 U.S.C. § 2255. Regardless of the label used by Petitioner, the subject matter of the motion, and not its title, determines its status. *See e.g., Calderon v. Thompson*, 523 U.S. 538, 554 (1998). Moreover, Petitioner has not satisfied the criteria set forth in *Jones* for demonstrating that a § 2255 petition is an inadequate or ineffective remedy. It is well established that a § 2255 motion is neither inadequate nor ineffective merely because an individual is unable to obtain relief under that provision. *See Jones*, 226 F.3d at 333; *Vial*, 115 F.3d at 1194 n. 5.

Thomas is advised that the court intends to treat the instant filing as a motion to vacate his federal conviction and/or sentence under 28 U.S.C. § 2255, which in part provides that:

---

[1] 28 U.S.C. §2255 provides in relevant part:
> [a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
>
> > (1) the date on which the judgment of conviction becomes final;
> >
> > (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> >
> > (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Petitioner's convictions became final in 2008. When Petitioner filed the instant Petition on September 13, 2010,[2] the one-year limitations period had already expired.[3] The one-year limitation period is subject to equitable tolling, however, where a petitioner demonstrates "1) extraordinary circumstances, 2) beyond his control or external to his own conduct, 3) that prevented him from filing on time." *United States v. Sosa*, 364 F. 3d 507, 512 (4th Cir. 2004) (citing *Rouse v. Lee*, 2339 F.3d 238, 246 (4th Cir. 2003) (en banc). The court will grant Petitioner an opportunity to advise the court whether he wants his filing treated as a motion filed under 28 U.S.C. § 2255 and if so, explain why

---

[2] For the purposes of assessing timeliness, the court deems the petition filed on September 9, 2010, the date the petition was signed. *See Houston v. Lack*, 487 U.S. 266 (1988); *United States v. Dorsey*, 988 F.Supp. 917, 919-920 (D. Md. 1998) (rejecting limitations defense due to applicability of mail-box rule to petition filed pursuant to 28 U.S.C. §2255).

[3] Although the limitations period is an affirmative defense, a court may sua sponte dismiss a section 2255 petition as untimely. *See Hill*, 277 F. 3d at 705; *see also Sosa*, 364 F.3d 510 n. 4 (4th Cir. 2004) (applying the holding in *Hill v Braxton* to motions under § 2255). The court's sua sponte consideration of the limitations period is consistent with Rule 4(b) of the Federal Rules governing § 2255 cases, which provides that a court shall dismiss a motion if it plainly appears that the moving party is entitled to no relief, even in the absence of a responsive pleading from the government.

he thinks the petition is timely or why equitable tolling applies. Failure to timely reply may result in dismissal of the Petition without further notice. A separate Order follows.

Date:   September 29, 2010 

              /s/
DEBORAH K. CHASANOW
United States District Judge